**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4887**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANNY RAY WELLS,

Defendant - Appellant.

---

**No. 03-7686**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANNY RAY WELLS,

Defendant - Appellant.

---

Appeals from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, District Judge. (CR-02-234)

---

Submitted: May 8, 2006          Decided: June 29, 2006

---

Before NIEMEYER, MICHAEL, and DUNCAN, Circuit Judges.

---

No. 03-4887 affirmed in part; vacated and remanded in part; No. 03-7686 affirmed by unpublished per curiam opinion.

---

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia; Sol Zalel Rosen, Washington, D.C., for Appellant. Kasey Warner, United States Attorney, R. Booth Goodwin II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Danny Ray Wells was convicted of racketeering in violation of 18 U.S.C. § 1962(c) (2000) and sentenced to eighty-seven months in prison followed by three years of supervised release. In these consolidated appeals from his conviction and sentence (No. 03-4887) and the district court's order denying his pro se motion for production of documents (No. 03-7686), Wells contends his sentence constituted plain error under United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005); he did not knowingly and intelligently waive the right to seek appellate review of his conviction; and the evidence was insufficient for the jury to find him guilty of conduct constituting a "pattern of racketeering activity." We affirm the district court's order denying his motion for production of documents in No. 03-7686. In No. 03-4887, we affirm Wells's conviction, but vacate his sentence because it exceeded the range that was supported by the jury's verdict and grant the motions to remand for resentencing in accordance with Booker.[*]

---

[*]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Wells's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

- 3 -

Whether a defendant has effectively waived his right to appeal is a matter of law we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). When the Government seeks to enforce an appellate waiver, and there is no claim the Government breached the parties' agreement, this court will enforce the waiver if the record establishes the defendant knowingly and intelligently agreed to waive the right to appeal, and the issue being appealed is within the scope of the waiver. Id. at 168-69. Although the determination of whether a defendant knowingly and intelligently agreed to waive the right to appeal is often made based on the adequacy of the district court's questioning, the issue ultimately is evaluated by considering the totality of the circumstances, including the background, experience, and conduct of the accused. Id. at 169 (citations and quotations omitted).

It is not clear from the materials before us on appeal that Wells knowingly and intelligently agreed to waive appellate review of his conviction. The district court did not question Wells regarding the waiver, which was contained in an agreement executed after the jury's verdict, to confirm that it was knowing and intelligent. The only time the district court discussed the waiver with Wells was at a post-judgment hearing in which Wells contended his intention was always to appeal his conviction. This contention, although contradicted by the waiver provision, was supported by the fact that one of his attorneys filed a notice of

appeal of the conviction nearly simultaneously with Wells's execution of the agreement containing the waiver provision, and his counsel's subsequent filing of a motion for a new trial. Moreover, Wells alleged his other attorney advised him prior to sentencing that the Government had repudiated the parties' agreement. We therefore decline to enforce the waiver of appellate rights contained in this agreement and review Wells's claim challenging the jury's verdict.

We conclude the evidence was sufficient for the jury to find a pattern of racketeering activity beyond a reasonable doubt. In reviewing a sufficiency challenge, the verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). Reversal of a conviction for insufficient evidence is reserved for the rare case in which the prosecution's failure is clear. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (quotations and citations omitted).

A "pattern of racketeering activity" requires "at least two acts of racketeering activity, one of which occurred after [October 15, 1970] and the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5) (2000). A "pattern" is something more than the commission of widely separated and isolated or sporadic offenses, and it requires a relationship between the

predicates and a threat of continuing activity. H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 238-39 (1989). The three acts found by the jury constituted more than isolated or sporadic offenses. Because of their similarity in means and mode of execution, they were both sufficiently related and implicitly threatened repetition to a degree consistent with continuing activity.

Because Wells was sentenced prior to Booker and he did not raise any Booker claim in the district court, we review his sentence for plain error. Hughes, 401 F.3d at 547. "In Booker, the Supreme Court ruled that the Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the guidelines, imposes a sentence greater than the maximum authorized by the facts found by the jury's verdict alone." Id. at 546. As conceded by Wells, his base offense level and the two-level enhancement for abuse of a position of public trust were supported by the jury's verdict. However, his remaining sentencing enhancements were based on facts not found by the jury. Wells was prejudiced by the error because his sentence exceeded the range of thirty-seven to forty-six months that would have applied without the additional enhancements. See id. at 550-51.

Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when

- 6 -

sentencing." Booker, 543 U.S. at 264. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000) and then impose a sentence. Id. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

Accordingly, in No. 03-4887, we affirm Wells's conviction, vacate his sentence, and grant the parties' motions to remand for resentencing. In No. 03-7686, we affirm the district court's denial of his motion for production of documents. We deny Wells's motion for leave to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 03-4887 AFFIRMED IN PART;
VACATED AND REMANDED IN PART
No. 03-7686 AFFIRMED
